# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 05-5367                               September Term, 2005

05cv01721



Denise C. Abdullah,
      Appellant

v.

Rubin Castillo, Chairman, United States Sentencing Commission and United States of America,
      Appellees

FILED JUL 5 2006 CLERK
UNITED STATES COURT OF APPEALS FOR DISTRICT OF COLUMBIA CIRCUIT

### APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**BEFORE:** Ginsburg, Chief Judge, and Sentelle and Griffith, Circuit Judges

## JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief and appendix filed by the appellant. It is

**ORDERED AND ADJUDGED** that the district court's order filed August 30, 2005, be affirmed. The district court properly denied the mandamus petition on the ground that the petition represents a collateral attack on appellant's sentence that she must pursue through a motion, filed in the sentencing court, to vacate her sentence pursuant to 28 U.S.C. § 2255. See Chatman-Bey v. Thornburgh, 864 F.2d 804, 806-10 (D.C. Cir. 1988) (en banc). On appeal, appellant states that she is not challenging the fact that § 2255 is an "efficacious remedy that once was available to her," nor does she contend § 2255 is an "inefficacious remedy." Rather, she argues the Sentencing Reform Act of 1984 created a "second avenue" for which a criminal defendant could seek relief from an unconstitutional sentence in lieu of a motion pursuant to § 2255. Even under this theory, appellant has failed to demonstrate her right to relief is "clear and indisputable," and there is "no other adequate means" to attain the relief she seeks. In re Sealed Case, 151 F.3d 1059, 1063 (D.C. Cir. 1998). Accordingly, we affirm the dismissal of the action without prejudice.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

Per Curiam

A True copy:
United States Court of Appeals
for the District of Columbia Circuit
By: _____ Deputy Clerk